**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| REBECCA EVANS,<br><br>          Plaintiff,<br><br>   v.<br><br>NEW JERSEY SUPERIOR COURT,<br>MONMOUTH COUNTY, *et al.*,<br><br>          Defendants. | Civil Action No. 26-1357 (GC) (JTQ)<br><br>**MEMORANDUM ORDER** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon Plaintiff Rebecca Evans' Complaint, (ECF No. 1), and it appearing that the Honorable Stacey D. Adams of the United States District Court for the District of New Jersey is named as Defendant, (*id.* at 1), and it further appearing that by Order entered on February 11, 2026, this matter was assigned to the Undersigned by Order of the Chief Judge, (ECF No. 3); and

**WHEREAS** pursuant to Local Civil Rule 40.1(g), the assignee Judge must determine whether the suit is "patently frivolous, or if judicial immunity is plainly applicable" before making any ruling in the matter.  L. Civ. R. 40.1(g).  If the Court finds that either of these apply to the instant suit, the Court must "promptly notify the Chief Judge upon the issuance of an order dismissing the defendant Judge" and "[t]he Chief Judge shall thereafter, if appropriate, reassign the civil action to the originally assigned Judge."  L. Civ. R. 40.1(h); and

**WHEREAS** Plaintiff's Complaint sues Judge Adams in her individual and official capacities for conduct relating to Judge Adams' former role as Judge of the Superior Court of New Jersey, Monmouth County.  (ECF No. 1 at 1.)  Plaintiff alleges that Judge Adams violated

Plaintiff's constitutional rights and otherwise harmed Plaintiff through Judge Adams' adjudication of Plaintiff's post-judgment divorce proceedings and related child custody matters.[1] (*See* ECF No. 1 at 15-28.)[2] For example, Plaintiff alleges that Judge Adams "granted Defendant Peterson's ex parte OTSC and awarded him temporary sole physical custody of both children," (*id.* ¶ 50), "terminated Plaintiff's parental rights," (*id.* ¶ 70), and "upheld Defendant Peterson's temporary sole custody and continued the suspension of Plaintiff's parenting time," (*id.* ¶ 80). The Complaint is replete with allegations stemming from purported errors in these judgments and others; and

**WHEREAS** Plaintiff seeks $40,000,000 in damages, injunctive relief that would "restore Plaintiff's parental rights," and declaratory relief. (*Id.* at 49-53); and

**WHEREAS** it is a "well-settled principle of law that judges are generally 'immune from a suit for money damages.'" *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) (quoting *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). Further, "immunity will not be lost merely because the judge's action is 'unfair' or controversial," *Gallas v. Sup. Ct. of Pa.*, 211 F.3d 760, 769 (3d Cir. 2000), nor because it "was done maliciously, or was in excess of [her] authority," *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)); and

---

[1] Plaintiff asserts seven causes of action against Judge Adams. Count I asserts a violation of Plaintiff's due process rights under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983; Count II asserts a violation of Plaintiff's equal protection rights under the Fourteenth Amendment pursuant to § 1983; Count III asserts a violation of Plaintiff's substantive due process rights under the Fourteenth Amendment as they pertain to her right to parent pursuant to § 1983; Count IV asserts First Amendment retaliation pursuant to § 1983; Count V asserts Judge Adams conspired to violate Plaintiff's civil rights in violation of § 1985; Count VI is not brought against Judge Adams; and Counts VII and VIII assert torts of intentional infliction of emotional distress and defamation, respectively.

[2] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

**WHEREAS** there are only two ways for judicial immunity to be overcome.  "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity[.] . . . Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction."  *Mireles*, 502 U.S. at 11-12; *see also Pinckney v. Bury*, Civ. No. 22-2408, 2023 WL 4108772, at *2 (D.N.J. June 21, 2023) (explaining the same); and

**WHEREAS** based on Plaintiff's allegations, Judge Adams committed the challenged conduct in the course of adjudicating Plaintiff's post-divorce proceedings and custody dispute with her former husband.  The Court finds that Judge Adams was acting in a judicial capacity when she undertook the challenged conduct.  *See Stephens v. Martini*, Civ. No. 22-1971, 2022 WL 1237786, at *3 (D.N.J. Apr. 26, 2022) ("[W]hile [the p]laintiffs focus on [the judge's] motives, the alleged ignoring of evidence, and errors concerning evidence or findings in the case, the law is clear – judges maintain immunity for actions taken in error, done maliciously, or in excess of his or her authority.").  Moreover, there are no facts to suggest that Judge Adams acted in the absence of all jurisdiction.  As such, Judge Adams is entitled to judicial immunity from Plaintiff's claims for monetary damages; and

**WHEREAS** because claims against Judge Adams in her official capacity are essentially claims against the New Jersey Superior Court, Eleventh Amendment immunity applies as the Superior Court is an entity of the state of New Jersey.  *See El v. Moore*, Civ. No. 23-3255, 2024 WL 4299030, at *1 (3d Cir. Sept. 26, 2024) (finding a Montgomery County Court of Common Pleas judge immune from official capacity claims because the Court was an entity of the state of Pennsylvania); *Price El v. Sup. Ct. of N.J.*, Civ. No. 11-2213, 2012 WL 95210, at *3 (D.N.J. Jan. 12, 2012) (collecting cases regarding sovereign immunity); and

**WHEREAS** to the extent that Plaintiff seeks injunctive relief from Judge Adams, such relief is barred by the *Rooker-Feldman* doctrine.  "The Third Circuit has consistently held that the *Rooker-Feldman* doctrine prohibits suits brought in federal court where, as here, [the p]laintiff challenges the judgments of state family courts."[3]  *Adamo v. Jones*, Civ. No. 15-1073, 2016 WL 356031, at \*7 (D.N.J. Jan. 29, 2016) (collecting cases); *see also Eisenstein v. Ebsworth*, 148 F. App'x 75, 77 (3d Cir. 2005) (affirming dismissal based on *Rooker-Feldman* doctrine where the plaintiff "was asking the District Court to review [the state court judge's] order, or orders, and to find that these orders were in error" because "[t]his is equivalent to using the federal courts as a forum to appeal a state court judgment and falls squarely within the *Rooker-Feldman* doctrine"); and

**WHEREAS** application of the *Rooker-Feldman* doctrine mandates four prerequisites: "(1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (alterations in original); and

**WHEREAS** the allegations against Judge Adams plainly meet these four requirements.  As described in Plaintiff's Complaint, Judge Adams repeatedly ruled against Plaintiff prior to the filing of the instant Complaint, and these allegations comprise the substance of the allegations against Judge Adams.  (*See, e.g.*, ECF No. 1 ¶¶ 31, 50, 65-66, 70, 80, 90-91, 92, 98.)  Although Plaintiff styles her claims for relief as constitutional in nature, the allegations and injunctive relief sought within the Complaint indicate that Plaintiff's true aim is to set aside purportedly erroneous

---

[3]    *See generally Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

state court judgments.  (*See, e.g.*, *id.* at 17 ("Judge Adams relied exclusively on [a] terminated and unfounded complaint to remove Plaintiff's custody of her children."), 19 ("Judge Adams made factually erroneous assumptions[.]"), 50 (seeking "sole physical and legal custody" of the children), 51 (asking the Court to "order that the children be allowed to visit the Plaintiff freely with no restrictions"), 52 (asking the Court to "suspend all child support, child support in arrears requests, court fee reimbursement, court fee reimbursement in arrears, wage garnishment requests, wage garnishments in arrears requests, tax reimbursement requests, and tax reimbursement in arrears").)  As such, Plaintiff cannot seek injunctive relief against Judge Adams; and

**WHEREAS** Plaintiff also seeks declaratory relief.  (ECF No. 1 at 49-50.)  However, "the remedy [sought] is not intended to halt a present, continuing violation of federal law" as is required to proceed.  *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698 (3d Cir. 1996); *see also Andrews v. Hens-Greco*, 641 F. App'x 176, 180-81 (3d Cir. 2016) (finding the plaintiff lacked standing to pursue a claim for declaratory relief against the judge where the relief was "solely retrospective in nature").  Indeed, Plaintiff seeks, for example, declarations "that Defendants violated Plaintiff's rights" and that Judge Adams' prior orders "are unconstitutional, null, and void."  (ECF No. 1 at 49-50); and

**WHEREAS** as such, because the Court cannot grant Plaintiff the requested relief as to Judge Adams for reasons including judicial immunity and that the claims against Judge Adams are patently frivolous, Plaintiff's claims against Judge Adams must be dismissed with prejudice.  *See Trapp v. New Jersey*, 2019 WL 2067652, at *2 (D.N.J. May 10, 2019) (dismissing claims against a judge as patently frivolous and barred by judicial immunity where the plaintiff's "[a]mended [c]omplaint, construed liberally, seem[ed] to allege that [the judge] violated his constitutional

5

rights through various decisions that adversely impacted [the p]laintiff"); and for other good cause shown

      **IT IS** on this 5th day of March, 2026 **ORDERED** as follows:

1. Defendant Stacey D. Adams is **DISMISSED** from this case pursuant to Local Civil Rule 40.1(h).

2. In accordance with Local Civil Rule 40.1(h), the Clerk of Court shall notify the Chief Judge of this decision to allow for a determination as to the reassignment of this case.

**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**

6